UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

WAYNE GALE WICKARD,                                    Case No. DK 07-09010
                                                       Hon. Scott W. Dales
                Debtor.
_____/

GENERAL ELECTRIC CAPITAL
CORPORATION,

                Plaintiff,                             Adversary Proceeding
                                                       No. 08-80498
v.

WAYNE WICKARD,

                Defendant.
_____/

OPINION AND ORDER REGARDING DISCOVERY DISPUTE WITH NON-PARTIES

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge


        Presently pending before the court are a motion to compel and an objection to subpoenas,

both of which frame a discovery dispute between Plaintiff General Electric Capital Corporation

("GECC"), Debtor-Defendant Wayne Wickard (the "Debtor" ), and three non-party entities (the

"Witnesses") that GECC contends, without contradiction, are affiliated with the Debtor.[1]  GECC

served subpoenas and discovery requests upon the Witnesses on August 18 and 24, 2009.  The

Witnesses objected, and GECC has moved to compel production pursuant to Rule

45(C)(2)(B)(i).  The court has considered the parties' written submissions, and heard oral

argument in Kalamazoo, Michigan on February 17, 2010 (the "Hearing").

---

[1] The Witnesses are Northeast Indiana Truck Center, L.L.C., Advantage Properties, L.L.C., and IDSC, LLC.

The underlying adversary proceeding involves GECC's two causes of action: (1) a request to except GECC's claim from discharge under 11 U.S.C. §523(a)(4) and (a)(6) because the Debtor allegedly converted funds from truck leases after GECC gave account debtor notices instructing lessees to remit payments directly to GECC (the "Exception to Discharge Count"); and (2) a request to deny the Debtor a discharge under 11 U.S.C. §727(a) on the grounds that he undervalued interests in certain corporate enterprises and failed to disclose personal property and real estate assets on his schedules (the "False Oath Count"). The False Oath Count also suggests that the Debtor has an interest in Northeast Indiana Truck Center, L.L.C. which he has failed to disclose.

At the Hearing, the parties agreed to narrow the scope of the subpoenas by reducing the requested period from ten years preceding the petition date, to six years. In addition, GECC proposed that the Witnesses need not produce email correspondence between themselves and the Debtor's girl friend, Jeanne Romero, provided the Debtor is not also a party to the email transmissions. The court adopts these limitations.

The Witnesses also object to the scope of the requested discovery and argue that it must be tied to the claims GECC actually pled, and must be calculated to lead to the discovery of admissible evidence related to these claims. The court agrees that as a general proposition, discovery available as of right, though broad, must be tied to the claims asserted. See Fed. R. Civ. P. 26(b)(1). In the present case, it is clear that the bulk of the discovery requests exceed the scope of the Exception to Discharge Count which mentions specific leases and proceeds thereof. It is also clear, however, that the discovery requests are germane to the False Oath Count which, after all, alleges that the Debtor failed to disclose his interests in, and control over, various non-debtor enterprises -- enterprises that might hold property available to satisfy claims against the Debtor and his bankruptcy estate. Naturally, a plaintiff like GECC, seeking to prove that a

debtor failed to disclose assets, will have a difficult time describing precisely in its complaint what property the Debtor has failed to disclose. Given the nature of the allegation, a dose of practicality demands some leeway. The court concludes that GECC's requested discovery is relevant to the False Oath Count.

Moreover, given the nature of the allegations regarding non-disclosure and various reports of the Debtor's seeming lack of candor,[2] the court finds cause to permit discovery not just related to the claims, but also related to the subject matter of the action. See Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Given this conclusion, GECC's discovery requests, even assuming *arguendo* they are not available as of right under the first sentence of Rule 26(b)(1), are now available under the second.

Under the liberal discovery that Rule 26 envisions, describing a discovery request as a "fishing expedition" does not relieve a witness from the obligation to give evidence, even in a dispute that may technically, if not practically, involve third parties. Hickman v. Taylor, 329 U.S. 495, 507-08 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiry into the facts underlying his opponent's claim."); cf. United States v. Nixon, 418 U.S. 683, 710 (1974) (noting in the context of creating new privileges that "exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.").

The court acknowledges that GECC's discovery requests are thorough and that the Witnesses may require additional time to respond. The court notes, too, the parties have stipulated to extend various pretrial deadlines. Under the circumstances, granting the Witnesses

---

[2] For example, among GECC allegations are that the Debtor did not disclose that he controls and manages numerous additional corporations; that he sold his interest in another entity and continues to receive monthly payments from the sale; and that among his personal assets are three promissory notes worth $320,000.00. The court makes no findings about the Debtor's conduct at this time, other than there is good cause to broaden the scope of discovery if necessary in light of the causes of action actually pled.

some additional time to respond is reasonable and not disruptive of the existing schedule. Accordingly, the Witnesses' responses will be timely if served within 45 days after entry of this order.  The court believes that the Witnesses have attempted to reserve specific grounds for objection.  Given the extensive motion practice directed to these subpoenas already,[3] the court will not look favorably on additional objections that in fairness ought to have been raised by now.

The Witnesses' request for costs and fees under Rule 37 is denied.  Participating in reasonable discovery is a cost of citizenship and the corporate franchise.  The court has considered the Witnesses' other arguments, and finds them insufficiently persuasive.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      GECC's Motion to Compel is GRANTED;

2.      The Witnesses' Objection to Subpoenas is OVERRULED;

3.      The scope of each Subpoena is limited to six years prior to the petition date;

4.      E-mail transmissions involving Jeanne Romero need not be produced unless Wayne Wickard is also a party to the transmission (as sender or recipient, directly or as a "cc" or "bcc"); and

5.      Responses will be timely if served within 45 days after entry of this order.

IT IS FURTHER ORDERED that the Clerk shall serve this Opinion and Order pursuant to Rule 9022 and LBR 5005-4 upon General Electric Credit Corp., Michael Barton, Esq., Wayne Wickard, Northeast Indiana Truck Center, L.L.C., Advantage Properties, L.L.C., IDSC, LLC, and Thomas King, Esq.

END OF ORDER

---

[3] The court denied the Witnesses' previous request for protective order without prejudice after the Witnesses failed to appear at a hearing. Their counsel explained the non-appearance as the product of a calendaring and communication error at his firm. The court accepts the

**IT IS SO ORDERED.**      _____
Scott W. Dales
United States Bankruptcy Judge

**Dated: February 22, 2010**